UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WENDELL MANUEL, | ) |
| *Plaintiff* | ) ) ) ) |
| v. | ) CAUSE NO. 3:15-CV-307 RLM ) |
| CITY OF ELKHART, *et al.*, | ) ) |
| *Defendants* | ) |

OPINION AND ORDER

Wendell Manuel was injured when two Elkhart police officers tried to restrain and arrest him. He brought an excessive force claim against the officers under 42 U.S.C. § 1983 and a state law battery claim against the officers and the City of Elkhart, alleging that the City was liable for the officers' actions under a *respondeat superior* theory. The defendants moved for summary judgment and the court heard arguments on defendants' motion on January 11. For the following reasons, the court grants the defendants' motion

I. STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion and identifying the parts of the record that demonstrate the absence of any genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. at 323. It can meet that burden by showing that there's no evidence to support the non-moving party's case. *Id.* at 325. Once the moving party has met its burden, the opposing party can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N,A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009) ("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies."); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

## II. BACKGROUND

The evidence submitted in support of, and opposition to, the defendants' motion for summary judgment was minimal, making it difficult to ascertain what actually happened. But the following facts appear to be undisputed.

Wendell Manual was staying with his friend, Nicole Williams, when they got in an argument that culminated in Ms. Williams calling the police. When Officers Ryan Weis and Jacqueline Davis arrived at the scene, Ms. Williams told them that Mr. Manuel had "punched her in the eye" and that she wanted him out of her house. The officers entered the house, asked Mr. Manuel to leave, and offered to take him wherever he wanted to go. Mr. Manual refused, became increasingly agitated and confrontational with the officers and Ms. Williams, and ignored Officer Weis's directives to sit down and stay "out of [his] face". The parties disagree about what happened next.

Ms. Williams says that Mr. Manuel became aggressive toward the officers, who told him he was under arrest, pushed him up against the wall, and tried to put his arms behind his back. Ms. Williams says she told the officers that his left arm wouldn't bend because he had "cerebral palsy in that arm", so the officers stopped trying to force Mr. Manuel's arms together, but held them in place while they considered what to do next. It was at that point, according to Ms. Williams, that Mr. Manuel began to resist. Ms. Williams says Mr. Manual's arm broke when he tried to pull away from the officers.

3

Relying solely on his responses to interrogatories propounded by the defendants, Mr. Manuel asserts that:

- "[He] told the officers that he was retiring to his bedroom," and was walking toward his bedroom when Officer Weis, "without reasonable cause, pushed [him] so forcefully that [he] was propelled forward and made to catch himself from falling";

- Officer Davis "violently grabbed [his] right arm which, due to a congenital abnormality, is smaller than [his] left and allows for only a limited range of movement", and "bent and contorted [it] in such a way to cause the fracture"; and

- "It is visibly apparent to a reasonable officer that [his] right are is disabled."

The defendants moved for summary judgment, contending that the force used by the officers was objectively reasonable under the circumstances, that the officers are entitled to qualified immunity, and that Mr. Manuel hasn't established a viable claim against the City under § 1983.[1]

---

[1] The defendants misconstrue the nature of plaintiff's claim against the City. Mr. Manuel alleges that the City is liable for the battery, not the constitutional violation.

III. Discussion

A. *Section 1983 Claim*

The Fourth Amendment's reasonableness standard governs the evaluation of Mr. Manuel's claim that the officers used excessive force. Graham v. Connor, 490 U.S. 386, 395 (1989); Stainback v. Dixon, 569 F.3d 767, 771 (7th Cir. 2009). Whether the force used was objectively reasonable depends upon the totality of the circumstances as viewed "from the perspective of a reasonable officer on the scene", including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. at 396. *See also* Thompson v. City of Indianapolis, _ F.Supp.3d _, 2016 WL 5253198, at * 4 (S.D. Ind. Sep. 22, 2016); Abbott v. Sangamon County, Ill., 705 F.3d 706, 724 (7th Cir. 2013). Courts must allow "for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." Graham v. Conner, 490 U.S. at 395.

Mr. Manual claims that the officers used excessive force when they pushed him "forcefully" and "violently grabbed" his right arm and "bent and contorted [it] in such a way to cause the fracture." He asserts that his impairment or "congenital abnormality" (the size of his right arm) was "visibly apparent", and that the officers failed to take it into consideration and to accommodate his impairment when they forced his arms behind his back. The defendants contend

5

that the officers weren't aware of Mr. Manuel's impairment when they initiated the contact, that they stopped trying to force his arms together as soon as Ms. Williams told them about the arm, that Mr. Manuel's arm broke when he tried to resist and break free from the officers, and that the amount of force they used was objectively reasonable under the circumstances. The court agrees.

A dispute exists as to whether the officers could see a size disparity between Mr. Manuel's arms. Ms. Williams testified that he was wearing long sleeves that night and that Mr. Manuel's impairment wasn't noticeable; Mr. Manuel opines that it was "visibly apparent to a reasonable officer." For summary judgment purposes, the court must accept as true Mr. Manuel's assertion that his impairment was visible. But seeing that one arm is smaller than the other isn't the same as knowing that the arm is more likely to fracture than most arms, and "a reasonable officer cannot be expected to accommodate an injury that is not apparent or that otherwise has not been made known to him." Stainback v. Dixon, 569 F.3d at 773; *see also* Tibbs v. City of Chicago, 469 F.3d 661, 666 (7th Cir. 2006); Estate of Phillips v. City of Milwaukee, 123 F3d 586, 594 (7th Cir. 1997).

Mr. Manuel was suspected of a violent crime (battery), posed a threat to the safety of Ms. Williams, as well as the officers, and was resisting arrest when his arm broke. Under the circumstances, no reasonable juror could find that the officers' actions were objectively unreasonable as a matter of law. Summary judgment is appropriate on Mr. Manuel's § 1983 claim.

6

B. *Battery Claim*

Mr. Manuel also brought a claim for battery against the officers, and against the city on a theory of *respondeat superior*. The court generally would relinquish jurisdiction over supplemental state law claims rather than resolving them on the merits, when all federal claims have been resolved before trial. 28 U.S.C. § 1367(c)(3); Al's Service Center v. BP Products North America, Inc., 599 F.3d 720, 727 (7th Cir. 2010); Wright v. Associated Ins. Cos., Inc., 29 F.3d 1244, 1251 (7th Cir. 1994). "This rule, however, is subject to three recognized exceptions: when the refilling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." Williams v. Rodriguez, 509 F.3d 392, 404 (7th Cir. 2007). The latter exception applies in this case.

"Under Indiana law, a police officer may use only the force that is reasonable and necessary for effecting an arrest. Ind. Code § 35-41-3-3(b)." Thompson v. City of Indianapolis, _ F.Supp.3d _, 2016 WL 5253198, at * 6 (S.D. Ind. Sep. 22, 2016). If an officer uses "unnecessary or excessive force, the officer may commit the tort of assault and battery." *Id.* The state standard "effectively parallels the federal standard" applied to Mr. Manuel's § 1983 claim, *id.*; *see also* Fidler v. City of Indianapolis, 428 F.Supp.2d 857, 866 (S.D. Ind. 2006), and the court has already determined that the nature and extend of the force used to

restrain Mr. Manuel can't be found to be objectively unreasonable under the circumstances. Mr. Manual's battery claim fails for the same reasons.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment [Doc. No. 38] is GRANTED, the March 6, 2017 final pretrial conference and April 4 trial dates are VACATED, and the motions to extend the pretrial order deadline [Doc. Nos. 48 and 49] are DENIED as moot. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:   March 1, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court